UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| ROGER K. TAYLOR, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil No. 07-122-P-S |
| ) | |
| STATE OF MAINE, ) | |
| ) | |
| Defendant ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2241 PETITION**

Roger Taylor has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, questioning state law and seeking an injunction against the Maine Department of Health and Human Services. In this petition Taylor explains that he is currently serving a lengthy federal sentence and that the State of Maine is "imposing egregious fines and penalties to a child support order." (Sec. 2241 Pet. at 1-2.) He does not allege that he is currently being held is custody by the State of Maine or that any Maine court order for prospective imprisonment exists. Taylor does not challenge the legality of his current federal sentence. He explains that he has no way of participating in an administrative hearing relating to his child support obligation and that the fines and fees continue to accumulate. (Id. at 2.) He wants this court to issue an injunction against the "Social Security Administration" -- which I take to mean the Maine Department of Health and Human Services -- ordering a moratorium on the continued assessment of penalties and fees while he is incarcerated and preventing the defendant from generating further statements and notices until Taylor is released.

Subsection (c) of Section 2241 provides:

Dockets.Justia.com

> The writ of habeas corpus shall not extend to a prisoner unless—
> **(1)** He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
> **(2)** He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
> **(3)** He is in custody in violation of the Constitution or laws or treaties of the United States; or
> **(4)** He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or
> **(5)** It is necessary to bring him into court to testify or for trial.

28 U.S.C. § 2241(c).

Simply put, Taylor is not in federal custody because of the state child support order (even assuming that he could establish that the fines and penalties violated some federal right) and a writ of habeas corpus is not the appropriate vehicle to address the legal issues he is trying to raise. I recommend that the court dismiss this 28 U.S.C. § 2241 petition.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

July 18, 2007                                   /s/ Margaret J. Kravchuk
                 U.S. Magistrate Judge